IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA HERMILLER, | ) | CASE NO. 3:10-CV-2432 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| | ) | |
| COMMISSIONER OF | ) | **MEMORANDUM OPINION** |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to the consent of the parties.  (Doc. 9).

The issue before the undersigned is whether the final decision of the Commissioner of Social

Security (the "Commissioner") denying Plaintiff Patricia Hermiller's application for a Period of

Disability and Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C.

§§ 416(i) and 423, is supported by substantial evidence, and therefore, conclusive.

For the reasons set forth below, the Court REVERSES the decision of the Commissioner

and REMANDS the case back to the Social Security Administration.

## I. INTRODUCTION & PROCEDURAL HISORTY

On January 10, 2005, Patricia Hermiller ("Plaintiff" or "Hermiller") filed an application

for a Period of Disability and Disability Insurance benefits alleging that she became disabled on

September 3, 2003.  (Tr. 13).  Her date last insured for disability benefits was December 31,

2004.  (Tr. 29).  Plaintiff's application was denied initially and upon reconsideration.  (Tr. 13,

29).  Hermiller timely requested and was granted a hearing before Administrative Law Judge

Frederick McGrath (the "ALJ" or "ALJ McGrath").  (Tr. 27-28).

On November 14, 2007, ALJ McGrath conducted a hearing via video wherein Plaintiff, represented by counsel, appeared and testified.  (Tr. 748-75).  ALJ Talbot presided over the hearing from Fort Wayne, Indiana, and Plaintiff appeared in Toledo, Ohio.  (Tr. 13).  Plaintiff's husband was also present at the hearing and testified.  (Tr. 770-73).  Additionally, vocational expert, Mr. McBee (the "VE"), testified at the hearing.  (Tr. 765-70).  After applying the five-step sequential evaluation analysis[1] to Plaintiff's claim, the ALJ issued his written decision denying Plaintiff's application for benefits.  (Tr. 13-19).

Subsequently, on May 13, 2008, Hermiller requested review of ALJ McGrath's decision from the Social Security Appeals Council.  (Tr. 9).  However, on August 27, 2010, the council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1)  If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

(2)  If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3)  If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4)  If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5)  Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

Commissioner.  (Tr. 3-5).  Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

Plaintiff, born on November 21, 1959, was forty-five years old on her date last insured, which constituted her as a "younger person" for Social Security purposes.  (Tr. 29); 20 C.F.R. § 404.1563(c).  She earned her high school diploma and attended one year of college.  (Tr. 83).  Hermiller has past experience working as a nurse's aide and as a receptionist.  (Tr. 78, 765).

## II.  ALJ's DECISION

At step one of the sequential evaluation analysis, ALJ McGrath found that Plaintiff had not engaged in substantial gainful activity since her date last insured.  (Tr. 15).  Next, at step two, he determined that Plaintiff had the following severe impairments:  "back pain due to a cervical, thoracic, and lumbar sprain/strain with some degenerative changes; chronic obstructive pulmonary disease; and depression."  *Id.*  However, at step three, the ALJ ruled that none of these impairments, individually or in combination, met or equaled one of the enumerated listings set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.*  Thus, before moving to step four, ALJ McGrath concluded that Hermiller retained the residual functional capacity ("RFC") to perform a limited range of sedentary, unskilled work.  (Tr. 16).  The ALJ noted that Plaintiff was precluded from work which involved 1) significant exposure to fumes, odors, dusts, gases and poor ventilation; 2) climbing ropes, ladders or scaffolds; and 3) more than occasional interaction with the public, fellow employees and supervisors.  *Id.*  At step four, ALJ McGrath found that Plaintiff could not return to her past relevant work because the demands of such work exceeded Hermiller's present RFC.  (Tr. 18).  Notwithstanding, at step five, he held that there were jobs existing in significant numbers in the national economy which accommodated Plaintiff's RFC.  *Id.*

### III.  DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act.  *See* 42 U.S.C. §§ 423, 1381.  A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  *See* 20 C.F.R. §§ 404.1505, 416.905.

### IV.  STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards.  *See Cunningham v. Apfel*, 12 F. App'x 361, 362 (6th Cir. 2001)*; Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)*; Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence.  *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed.  *Id.*  The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)*; Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387.  However, it may examine all the evidence

in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision.  *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## V.  ANALYSIS

Plaintiff challenges ALJ McGrath's disability denial on three grounds.  First, Plaintiff maintains that remand is required because the ALJ failed to provide good reasons for rejecting the findings asserted by Plaintiff's treating physicians.  Second, Hermiller submits that the ALJ erred by neglecting to indicate the amount of weight he assigned to the opinions of the consultative examiner or the state agency psychologists.  Finally, Plaintiff argues that the ALJ's failure to properly consider her complaints of disabling pain constituted reversible error.

The Court finds that Hermiller's initial argument states a valid basis for remand.  On February 22, 2005, Joseph Fortin, D.O., drafted a letter to the Rehabilitation Services Commission reciting his view of Plaintiff's ability to perform work-related physical activities.  (Tr. 575).  In the letter, he opined that Plaintiff could not perform prolonged sitting, standing or walking, noting that she would need to change positions or rest every 20 minutes.  Dr. Fortin also reported that Hermiller had no ability to bend or twist, and that she had only a limited ability to move her neck, reach above shoulder level, handle objects, and travel.  Plaintiff's ability to carry and reach at shoulder level were marked as restricted.  Additionally, Dr. Fortin opined that Hermiller had diminished strength and could not lift more than five pounds.  Finally, he remarked that Hermiller's hearing and speaking skills were within normal limits.

Plaintiff's primary care physician, Timothy Hogan, M.D., also offered an opinion on Plaintiff's condition.  On November 10, 2007, Dr. Hogan completed an assessment evaluating Plaintiff's impairments as they were on or before December 31, 2004.  (Tr. 92-94).  He

diagnosed Plaintiff with chronic neck and lower lumbar myofascial pain which showed no sustaining improvement with treatment.  As a result of this condition, Dr. Hogan opined that Hermiller could perform no more than one hour of sitting, standing or walking in an eight-hour work day.  Additionally, he noted that Plaintiff should never squat, crawl, or climb, and should only occasionally bend or reach above shoulder level.  Furthermore, Dr. Hogan restricted Plaintiff from lifting or carrying more than ten pounds on an occasional basis.  Moreover, he found that Hermiller would need to rest frequently throughout the work day without limitation, and that her impairments would likely cause her to be absent from work five or more days each month.

When assessing the medical evidence contained within a claimant's file, it is well-established that the ALJ must give special attention to the findings of the claimant's treating sources.  *See Wilson v. Comm'r of Soc. Sec*., 378 F.3d 541, 544 (6th Cir. 2004).  This doctrine, referred to as the "treating source rule" recognizes that physicians who have a long-standing treating relationship with an individual are better equipped to provide a complete picture of the individual's health and treatment history.  *Id*.; 20 C.F.R. § 404.1527(d)(2).  Opinions from such physicians are entitled to controlling weight if the opinion is (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "not inconsistent with the other substantial evidence in the case record."  *Wilson*, 378 F.3d at 544.

Even when a treating physician's opinion is not entitled to controlling weight, the ALJ must apply specific factors to determine how much weight to give the opinion.  *Id*.  These factors include: the length of the treatment relationship, the nature and extent of the treatment, how well the physician's opinions are supported by other medical evidence, the extent to which the physician's opinions are consistent with the record as a whole, whether the physician is an expert

in the particular field of practice for which he/she is treating the claimant, and any other factors that may support or contradict the opinion.  20 C.F.R. § 404.1527(d)(2)-(6). The regulations also require the ALJ to provide "good reasons" for the weight he/she ultimately assigns to the treating source's opinions.  *Id*.

The Sixth Circuit announced that the good reasons requirement serves a two-fold purpose.  First, "the explanation lets claimants understand the disposition of their cases, particularly where a claimant knows that h[er] physician has deemed h[er] disabled and therefore might be bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (*quoting Wilson, 378 F.3d at 544*) (internal quotations omitted).  Second, "the explanation ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* at 243.  Remand is appropriate when an ALJ fails to provide adequate reasons explaining the weight he/she assigned to a treating source's opinions, even though "substantial evidence otherwise supports the decision of the Commissioner." *Kalmbach v. Comm'r of Soc. Sec.*,  409 F. App'x 852, 860 (6th Cir. 2011) (quoting *Wilson*, 378 F.3d at 543-46).

Hermiller avers that ALJ McGrath failed to comply with the treating physician rule by failing to articulate adequate reasons for rejecting the opinions of Plaintiff's treating rehabilitation specialist, Dr. Fortin, and Plaintiff's treating physician, Dr. Hogan.  Defendant admits that the ALJ's written opinion made no express mention of either of these doctors' findings, but argues that these omissions do not warrant remand because both of the opinions

were drafted after Plaintiff's date last insured and are not supported by treatment notes.[2]  The Court rejects Defendant's arguments.  The fact that these physicians offered their opinions after Plaintiff's date last insured of December 31, 2004, did not automatically render their opinions irrelevant as to justify the ALJ's complete omission of them from his decision.  *Cf. Bollon v. Comm'r of Soc. Sec.*, No. 09-15035, 2010 WL 5056186, *7 (E.D.Mich. Oct. 8, 2010) (finding that physician's letter which post dated the claimant's date last insured was relevant because it provided evidence about the claimant's pre-date last insured functional capacity).  For example, though Dr. Hogan provided his opinion in 2007, three years after Plaintiff's date last insured, his report specifically stated that his findings related to Plaintiff's condition on or before December 31, 2004, her date last insured.  The record also shows that Plaintiff first presented to Dr. Hogan in 2000, and that he treated her during the relevant period under review.

While it may have been proper for the ALJ to assign little or reduced weight to Dr. Hogan's opinions based upon the significant time lapse between the time in which he rendered his opinion and Plaintiff's date last insured, *see Burnside v. Comm'r of Soc. Sec.*, No. 1:08-CV-928, at *3 (W.D.Mich. Mar. 4, 2010)[3], it was not appropriate for him to completely ignore Dr. Hogan's opinion on this basis, particularly without providing any explanation for his actions. *See Roso v. Comm'r of Soc. Sec.*, No. 5:09-CV-198, 2010 WL 1254831, *16 (N.D.Ohio Mar. 11, 2010) (Limbert, J.), *report and recommendation adopted*, 2010 WL 1254833 (N.D.Ohio Mar. 25, 2010).  This Court's prior ruling announced in *Roso* applies to the instant case.  In *Roso* Judge Limbert wrote:

---

[2] The Court notes that Defendant does not challenge Plaintiff's characterization of either doctors' status as a treating source.

[3] *Report and recommendation adopted*, 2010 WL 3609379 (W.D.Mich. Sept. 10, 2010).

Defendant contends that the opinions of Dr. Cain, Dr. Andrews, and Dr. DiCello were issued after Plaintiff's date last insured, and thus do not fall within the relevant time period considered by the Agency. It is true that these opinions were offered after the date last insured, but the ALJ acknowledged that Dr. Andrews provided treatment during the insured period. Moreover, neither the ALJ nor the Appeals Council reasoned that [the] treating source opinions contained in the record were being discounted because they were offered outside of the insured period. The treating source rule requires the Commissioner to articulate his reasons for discounting these opinions. The Commissioner's post hoc rationalization at this stage is insufficient.

*Id.* (internal citations omitted).

Here, ALJ McGrath's opinion did not provide any indication that he considered Dr. Hogan's opinions.[4] If the ALJ had discredited Dr. Hogan's opinions because they were dated after Plaintiff's date last insured, the Court would have expected the ALJ to articulate as much in his opinion. However, because there is no such discussion in ALJ McGrath's opinion, the Court declines to accept Defendant's asserted justification for the ALJ's actions after the fact. The ALJ's treatment of Dr. Hogan's opinions failed to comport with the treating source doctrine requiring the ALJ to articulate specific reasons for the weight assigned to the treating source's opinions, and thereby necessitates remand. In addition, although Dr. Fortin's report did not expressly indicate whether his opinions related to Plaintiff's condition prior to the date her benefits expired, the undersigned's prior reasoning still applies to the ALJ's treatment of this opinion as ALJ McGrath should have indicated what weight he assigned to this opinion and why. *Wilson*, 378 F.3d at 544.

Likewise, the Court rejects Defendant's implication that the lack of treatment notes supporting Drs. Fortin's and Hogan's opinions excused the ALJ's duty to adhere to the treating

---

[4] During the hearing, Plaintiff testified that Dr. Hogan treated her during the period under review, and counsel asked the ALJ to hold the record open to receive records from Dr. Hogan. (Tr. 753-54). Thus, ALJ McGrath had notice of Dr. Hogan's existence.

physician rule.  The question of whether there are treatment notes to support a doctor's findings is most commonly examined when determining how much weight to assign to the opinion; particularly, when considering whether the opinion merits controlling weight.  *Id.* (stating that the treating source's opinion is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques").  But, under the treating source rule, even if a physician's opinion is not well-supported, and therefore not entitled to controlling weight, the ALJ is not permitted to simply dismiss the opinion.  *See id*.  Instead, the ALJ must consider the opinion, and utilizing a number of factors, determine how much weight to assign to it.  *Id.*  Therefore, even if Defendant was correct that these doctors' opinions were not well-supported or were conclusory, this determination would not have obviated the ALJ's obligation to consider their opinions and provide good reasons for the weight he ultimately assigned to their findings.

Defendant's brief cited to several cases wherein the court upheld an ALJ's decision to discount the opinions of a treating source.  *See* (Def.'s Br. at 8-10).  But, in each of these cases, the ALJ provided some explanation for his/her decision to discredit the treating physician's opinion.  *See Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 176-77 (6th Cir. 2009) (finding that the ALJ discredited the treating source's opinion because it was not supported by objective medical evidence and was inconsistent with other evidence); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 661 (6th Cir. 2009) ("Here, the ALJ properly rejected Dr. Fomunung's opinion. He concluded that it was 'not supported by the medical records and treatment notes from previous treating psychiatrists or psychologists. . . '"); *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873 (6th Cir. 2007) (noting that the ALJ specifically stated that he rejected the treating source's

opinions because they were "inconsistent with the overall evidence of record").  Thus, none of these cases bolsters the Commissioner's argument in the present action.

The Court agrees that it is permissible for an ALJ to reduce the amount of weight given to the opinions of a treating source under certain conditions, such as when the opinion is inconsistent with the physician's prior assessments, or when the physician's opinions are not supported by objective medical evidence.  But, that is not the issue currently before the Court.  Rather, the issue is whether it was proper for ALJ McGrath to completely omit any mention of Hermiller's treating physicians or the weight assigned to the opinions of such doctors in his written decision.  In the case *sub judice*, the ALJ neglected to offer any statement concerning how much weight he afforded to the opinions of Drs. Fortin and Hogan.  This error was harmful and the ALJ's decision must be remanded for such cause.  *Wilson*, 378 F.3d at 544 (*citing Halloran v. Barnhart*, 362 F.3d 28, 33 (2d. Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.").[5]  Finding that Plaintiff's first assignment of error warrants remand, the undersigned sees no need to examine her remaining claims.  On remand, the ALJ should examine Plaintiff's remaining claims, including what weight, if any, he attributed to the opinions of Dr. Neil Shamberg, the consultative psychologist who examined Plaintiff, and how he considered Plaintiff's complaints of disabling pain.

------

[5] The undersigned does not read Defendant's brief as arguing that either doctor's opinion was so patently deficient as to make the ALJ's omission harmless.  But, to the extent that Defendant may assert this argument, the Court finds it meritless as the undersigned found nothing in either doctor's opinion to be "patently deficient".  *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).

## VI.  <u>DECISION</u>

For the foregoing reasons, the Magistrate Judge finds that the decision of the Commissioner is not supported by substantial evidence.  Accordingly, the Court REVERSES the decision of the Commissioner and REMANDS the case to the Social Security Administration.

IT IS SO ORDERED.

<u>s/ Kenneth S. McHargh</u>
Kenneth S. McHargh
United States Magistrate Judge

Date:  <u>December 8, 2011</u>.